IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Shamont Sapp
(Plaintiff)

Vs.

Pennsylvania State University
(Defendant)

FILED
SCRANTON
FEB 16 2016
Per _____ DEPUTY CLERK

COMPLAINT

JURY TRIAL DEMAND
CASE NO. 4:16-CV-289

JUDGE _____

TITLE USC 42 § 1983
14TH AMENDMENT VIOLATION
DISCRIMINATION,
RESPONDEAT SUPERIOR,
PLAINTIFF SEEK $25,000,000.
IN PUNITIVE DAMAGES
PLAINTIFF SEEK $10,000,000.
IN COMPENSATORY DAMAGES,
FOR EMOTIONAL DISTRESS, PAIN &
SUFFERING, NEGLIGENCE, FRAUD,

1) Plaintiff contacted Penn State University President Graham Spanier, July 2011 telling him that he too had befriended Penn State football Coach Gerald Sandusky and had sex with him many times on Penn States campus.

2) Plaintiff was called a liar on the phone by Mr. Spanier. Plaintiff informed the former President that one sex act took place at the President of Penn States home at 639 Kennard Road - State College, PA. Plaintiff informed Mr. Spanier that he told several mental health professional's while in juvenile institutions of his affair with Sandusky and other male adult's as he struggled with his sexual identity that resulted in a suicide attempt in 1977. Plaintiff referred President Spanier to his Dauphin County Juvenile Probation Record - July 2011.

(1)

3) When [redacted] meeting took place at Penn State President John Oswald's home at 639 Kennard Road with Sandusky and Penn State Professor Guy Rendone, President Spanier called plaintiff a liar. Louis Freeh did NOT interview plaintiff. THIS SHOULD HAVE BEEN IN THE FREEH REPORT. Freeh, Sporkin + Sullivan LLP will be contacted.

4) October - November 2011 - Plaintiff is giving approx. here because when he tried to be precise in reporting priests in the Portland case, he was charged for the wrong dates that took place 35 years ago. Plaintiff then contacted the new Penn State President Rodney Erickson, telling him it was his first time contacting him, Board Chairwoman Karen Peetz (Trustee), and Board Trustee of Penn State/Governor of Pennsylvania Tom Corbett who all refused plaintiff's phone calls.

5) This prompted plaintiff to write these three Penn State staff members who turned the letters over to the Pennsylvania State Police who contacted the press who wrote that plaintiff was Victim #8. In the letters plaintiff referred these staff of Penn State to his juvenile record as his record shows substantial proof. He told this to Graham Spanier too. FRAUD, plaintiff believes that since Spanier lied to cover up Sandusky's crimes, he being a very deceitful person conspired with Governor Tom Corbett to obtain plaintiff's juvenile record and destroy it. This file reveal mental health conversations of plaintiff speaking of Sandusky's acts and how Coach Joe Paterno caught the pair in the act, then pretended not to see it in 1976-77.

(2)

6) PLAINTIFF RETAINED AN ATTORNEY TO FILE A CLAIM ON HIS BEHALF, 2012. PENN STATE REJECTED PLAINTIFF'S CLAIM BECAUSE THEY STATED THAT PLAINTIFF WAS DEALING WITH A FRAUD CASE IN PORTLAND OREGON FOR FALSELY ACCUSING PRIEST'S OF SEXUAL ABUSE. THIS IS DISCRIMINATION AND HYPOCRITICAL.

   A) PLAINTIFF WAS INNOCENT UNTIL PROVEN GUILTY WHEN THE CLAIM WAS REJECTED.

   B) FORMER PRESIDENT SPANIER WAS INNOCENT UNTIL PROVEN GUILTY WHEN THE CLAIM WAS REJECTED AS HE BATTLED CRIMINAL CHARGES FOR LYING TO THE GRAND JURY TO COVER UP SANDUSKY'S EGGREGIOUS SEX ACTS.

   2015 - BOTH SPANIER AND SANDUSKY WERE STILL DEALING WITH THEIR CRIMINAL CASES AND BENEFITING FROM PENN STATE MONEY.

DURING THE SANDUSKY TRIAL, ALL OF THE VICTIMS WERE PORTRAYED BY PENN STATE AS LIARS AND LOOKING TO WIN THE LOTTERY. ALL THE VICTIMS SETTLED EXCEPT PLAINTIFF. THIS IS DISCRIMINATION. PLAINTIFF WAS NEVER PROVEN TO BE A LIAR. HE WAS FORCED TO PLEAD GUILTY IN HIS CRIMINAL CASE MINUS HIS MISSING JUVENILE RECORD.

(3)

Gerald Sandusky's claim was granted. He was still receiving pay and other benefits. He was allowed to benefit but Plaintiff was not.

    C). Gerald Sandusky who started this entire mess was innocent until proven guilty. He was in court fighting to clear his name on appeal when Plaintiff's claim was denied. He benefited from this but Plaintiff did not. December 2015 on the news Plaintiff viewed Sandusky in handcuffs smiling because Penn State University agreed to pay him $200,000.— and $5,000.⁰⁰ per month for the rest of his life. This is blatant discrimination because Plaintiff was treated different as he too was innocent until proven guilty. His claim was denied even after asking to be paid at the <u>lowest</u> <u>amount</u> on the scale to pay victims.

7) Yes indeed Plaintiff was embroiled in a legal case in Portland Oregon where he gave conflicting dates of abuse. Plaintiff referred attorneys to his juvenile court record which would have proven his case. However, when the Grand Jury sent a subpoena for the record November 2011 Juvenile Probation said it's <u>missing</u> the file.

(4)

8) Plaintiff believes President Graham Spanier and Penn State and Penn State Board of Trustees/Governor Tom Corbett made the file dissappear to protect Penn State, just as Spanier did when he lied to the Grand Jury 2011 and was charged criminally. Without the juvenile file Plaintiff was forced to plead guilty in Portland Oregon to resolve the matter.

9) When Plaintiff learned that Penn State still had not paid any of the Sandusky victims in July 2014 but they were pleading with the NCAA to reconsider it's harsh penalty sanctions against the University, Plaintiff then contacted the NCAA asking them not to reconsider since Penn State refuse to reconsider the denial of Plaintiff's claim. Plaintiff is a victim denied equal justice under the Law. Soon thereafter when Penn State received it's courtesy copy of Plaintiffs letter to NCAA - Penn State went public saying they will settle all Sandusky claims and the victims will need to prove the claims very lightly. The article said out of 32 claims, only 3 will not be paid. Plaintiff was one of the 3. Other (2) settled 12/15

(5)

10) Plaintiff's private attorney notified Attorney Kenneth Fineberg - the facilitator, who informed plaintiff that Penn State refuse to re-consider plaintiff's claim.

December 2015, it was noted in the press that Penn State settled yet, the other two claims with lower standard's of proof discriminating against plaintiff forcing him to prove his allegations with higher standards of proof. The news article that plaintiff sent to his attorney for safekeeping said "The victims will get paid with the lower standards of proof."

This was not extended to plaintiff.

At the time of filing this complaint, it's been reported that the court is examining victims fee agreements they had with attorney's and claims to see who had book and film deals etc., that could have induced a lie. Penn State settled all of their claims except plaintiff's.

(6)

10) RESPONDEAT SUPERIOR CLAIM — IN PLAINTIFF'S CLAIM SUBMITTED BY ATTORNEY McLAUGHLIN IN 2012, PLAINTIFF

11) CLAIMED TO HAVE HAD A SEX ACT IN PENN STATE PRESIDENT JOHN OSWALD'S HOME AT 639 KENNARD ROAD WITH SANDUSKY AND PENN STATE PROFESSOR GUY RENDON. THIS IS A MAJOR REASON WHY PLAINTIFF'S CLAIM WAS REJECTED. THIS SHOWS THAT PENN STATE KNEW OF SANDUSKY'S TASTES FOR SEX WITH CHILDREN AS FAR BACK AS 1976-77 NOT THE 2001-2003 SHOWER INCIDENT REPORTED BY A STAFF MEMBER THAT WAS SWEPT UNDER THE RUG. 639 KENNARD ROAD STATE COLLEGE IS A BEAUTIFUL HOME OWNED BY PENN STATE THAT ALLOWS IT'S PRESIDENT TO RESIDE. IT HAS A POOL AND A MAID. PENN STATE PRESIDENT JOHN OSWALD WAS PRESENT AT THE BEGINING OF THE SEX ACT AND LEFT THE AREA WITH A WHITE TEEN BOY WHO COULD HAVE BEEN A RELATIVE. HE ENCOURAGED THE ACT BY STATING "I HAVE SEVERAL BEDROOMS OR GET A MOTEL." SANDUSKY REPLIED "WE'll BE LEAVING SOON."

PLAINTIFF NOTIFIED THE ATTORNEY WHO FILED HIS CLAIM. PLAINTIFF IS PROCEEDING PRO-SE UNTIL COUNSEL CAN BE LOCATED OR APPOINTED IN THE FUTURE.

SUBMITTED BY,
SHAMONT SAPP PRO-SE

(7)     2/8/16

Dear Clerk,

Will you please accept the enclosed Complaint, Sapp v. Pennsylvania State University for filing.

Please send me the 1983 filing packet and Informa Pauperis and U.S. Marshall Service Forms?

Shamont Sapp
08189-067
P.O. Box 1000
Federal Correctional Institution
Cumberland, MD 21501

Sincerely,
Shamont Sapp
Shamont Sapp - Pro-Se

2/7/16

Shamont Sapp
08189-067
P.O. Box 1000
Federal Correctional Institution
Cumberland, MD 21501

RECEIVED
SCRANTON
FEB 16 2016
PER _____
DEPUTY CLERK

BALTIMORE MD 212
09 FEB 2016 PM 7 L

US District Court
Middle District of Pennsylvania
235 N Washington Avenue #101
Scranton, PA 18503